UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**RASZELL REEDER,**

                              **Plaintiff,**

                    -v-                              9:09-CV-520 (NAM/ATB)

**MICHAEL HOGAN; BRIAN FISCHER; RICHARD ROY; DALE ARTUS; THOMAS LAVALLE; STEVEN RACETTE; MAUREEN BOSCO; KELLY BONNER; DAVE LUCIA; DONALD UHLER; KEVIN HICKS; TARA BROUSSEAU; JOANNE WALDRON; GREGORY SAVAGE; WILLIAM ALLEN; UNKNOWN ARCHAMBAULT; JERRY LUDWIG; NORMAN BEZIO; UNKNOWN MAREIL; UNKNOWN TETREAULT; UNKNOWN POUPORE; UNKNOWN MARTIN; UNKNOWN BOUYEA; UNKNOWN MACCOMB; UNKNOWN BESAW; UNKNOWN FINNEL; R TRUDEAU; UNKNOWN MOSELEY; UNKNOWN STUART; JOHN DOE; JANE DOE; UNKNOWN HOWARD,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Raszell Reeder 94-A-6388
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Adrienne J. Kerwin, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

    Defendants move (Dkt. No. 150) for summary judgment dismissing this *pro se* action

brought by plaintiff, an inmate in the custody of New York Department of Corrections and Community Services, pursuant to 42 U.S.C. § 1983.  Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Andrew T. Baxter issued an excellent and thorough Report and Recommendation (Dkt. No. 156) recommending that summary judgment be granted dismissing all claims against all defendants except for plaintiff's claim against defendant Allan for the use of excessive force during a cell extraction on August 25, 2008, as to which he found questions of fact.  Both parties submit objections (Dkt. Nos. 157, 158). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

As Magistrate Judge Baxter notes, the operative pleadings are the first amended complaint (Dkt. No. 84), without the claims that were previously dismissed by this Court (Dkt. No. 122), read together with plaintiff's second amended complaint (Dkt. No. 129).  As such, four categories of claims remain: free exercise of religion; denial of proper medical care; excessive force; and conditions of confinement.  Upon *de novo* review, *see* 28 U.S.C. § 636(b)(1)(C), the Court accepts and adopts the Report and Recommendation in its entirety insofar as it recommends summary judgment dismissing all claims against all defendants except the excessive force claim against Allan.

As for the excessive force claim against Allan stemming from the August 25, 2008 cell extraction, Magistrate Judge Baxter found questions of fact based on material discrepancies between plaintiff's version of events and that of Sergeant Rendle and defendant Allan. Defendants made their objection to the Report and Recommendation in the form of a letter motion (Dkt. No. 158) requesting this Court to consider a video tape (Dkt. No. 159) of the cell extraction,

which, according to defendants, conclusively supports defendants' version of events and contradicts plaintiff's, thus warranting summary judgment dismissing the claim against Allan. *See, e.g., Caldwell v. Gettmann*, 2012 WL 1119869, *1, *6 (N.D.N.Y. Mar. 2, 2012), *adopted* 2012 WL 1119771 (N.D.N.Y. Apr.3, 2012); *Arnold v. Westchester Co.*, 2012 WL 336129, *6 (S.D.N.Y. Feb. 3, 2012), *adopted* 2012 WL 841484 (S.D.N.Y. Mar. 13, 2012); *see also Scott v. Harris*, 550 U.S. 372, 378-81 (2007); *Cameron v. City of New York*, 598 F.3d 50, 60 (2d Cir. 2010). Defendants urge the Court to exercise its discretion to consider the video tape although it was not placed before Magistrate Judge Baxter in support of the summary judgment motion. *See Hynes v. Squillance*, 143 F.3d 653, 656 (2d Cir. 1998) (stating that a court has discretion to consider evidence first offered in support of objections to a Report and Recommendation). Defendants have provided a copy of the video tape to plaintiff.

The Court declines to consider the video tape on this motion, because plaintiff has not had an opportunity to address it. In the interests of justice and preserving judicial resources, however, the Court gives defendant Allan leave to file another summary judgment motion, supported by the video tape, the evidence submitted on the instant motion, and anything else he wishes the Court to consider. Such a motion shall be made within 30 days of the date of the Memorandum-Decision and Order herein. The Court will then issue a briefing schedule giving plaintiff a reasonable opportunity to file opposing papers.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 156) is adopted and accepted; and it is further

ORDERED that defendants' motion (Dkt. No. 150) for summary judgment is granted and

all claims against all defendants are dismissed, except that summary judgment dismissing plaintiff's claim against defendant Allan for use of excessive force during the cell extraction on August 25, 2007 is denied without prejudice to another summary judgment motion by Allan in accordance with this Memorandum-Decision and Order; and it is further

ORDERED that defendants' letter motion (Dkt. No. 158) is denied in accordance with this Memorandum-Decision and Order; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   September 19, 2012
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge